IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STANFORD GRIFFITH**, | : | CIVIL ACTION NO. 1:17-CV-76 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **OFFICE OF VOCATIONAL REHABILITATION**, *et al.*, | : | |
| Defendants | : | |

# ORDER

AND NOW, this 13th day of January, 2017, upon consideration of the motions (Docs. 3, 7) for a temporary restraining order and preliminary injunction pursuant to Federal Rule of Civil Procedure 65, filed by plaintiff Stanford Griffith ("Griffith"), wherein Griffith, who is blind, asserts that defendants have notified him that he will no longer be permitted to operate a vending stand located in the Keystone Building in Harrisburg, Pennsylvania effective on January 13, 2017, and that defendants have awarded the vending stand to a "sighted company" in violation of the Randolph-Sheppard Act, 20 U.S.C. § 107(a), and requests that the court enjoin defendants from removing Griffith from his vending stand location to avoid irreparable financial harm, (Doc. 5 at 5), but the court observing that a temporary restraining order and a preliminary injunction are extraordinary remedies and should issue only in limited circumstances, AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), and that in determining whether to issue such injunctive relief, the court must consider: (1)

whether Griffith has demonstrated a likelihood of success on the merits; (2) whether Griffith will suffer "irreparable harm" if injunctive relief is denied; (3) whether defendants will suffer greater harm than that alleged by Griffith if injunctive relief is granted; and (4) whether the public interest favors the requested relief, <u>Bimbo Bakeries USA, Inc. v. Botticella</u>, 613 F.3d 102, 109 (3d Cir. 2010) (quoting <u>Miller v. Mitchell</u>, 598 F.3d 139, 147 (3d Cir. 2010)), and that the "'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it,'" <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987) (quoting <u>Glasco v. Hills</u>, 558 F.2d 179, 181 (3d Cir. 1977)), and it appearing that Griffith's alleged irreparable injury is wholly financial, (Doc. 5 at 5), and thus fully compensable by an award of monetary damages, it is hereby ORDERED that Griffith's motions (Docs. 3, 7) for a temporary restraining order and preliminary injunction are DENIED.

       /S/ CHRISTOPHER C. CONNER
       Christopher C. Conner, Chief Judge
       United States District Court
       Middle District of Pennsylvania